WhEeler, J.,
dissenting. Tlie only difference between the present case and the common case of a mortgage is, that the deed and defeasance, instead of being' in one, are in separate instruments, and this is a difference in form only. The bond given in evidence is but a substitute for one of like import executed at tlie time of tlie conveyance, and is to be treated as the same in effect. Having been executed at the same time, being constituent parts of the execution of the same agreement, the deed and defeasance are regarded in law as one and the same instrument, and that instrument possesses every ingredient requisite to constitute it a mortgage.
“A formal conveyance,” (said Gibson, Chief Justice, in Kunkle v. Wolfersberger, 6 Watts’ R., 130,) “may certainly be shown to be a mortgage by extrinsic proof, while a formal mortgage may not be shown to be a conditional sale by the same means. In the one case tlie proof raises an equity consistent with the writing, and in tlie other would contradict it, which seems to be tlie principle of Woods v. Calwell, 3 Watts, 188.”
The case of Woods v. Calwell, here referred to, is so precisely in point .to the present as to render proper an especial notice. The principle decided is thus extracted in the synopsis of the case by the reporter: “L executed and delivered to W a deed iu fee-simple for a lot of ground, in consideration of a certain sum of money, and at the same time W executed and delivered to L a covenant that he would reconvey tlie same to him upon the payment of the same amount of money within one year: Held, That these papers constitute a mortgage, and are to be so construed, although it appear by parol that the parties did not so intend it.”
The very learned judge who delivered the opinion of the court that decided this case, said : “The deed of conveyance and the bond, as was very properly stated by tlie judge in the court below, are to be considered as only one instrument, for they are constituent parts of the execution of the same agreement, executed at the same time, as appears by a declaration to this effect contained in the bond.” “If the bond, or deed of defeasance, as it may be called, instead of having been put into the form of a distinct and separate instrument from the deod'bf conveyance, had been introduced into tlie latter in tlie form of a clause of defeasance, as is usually done iu writing mortgages, I apprehend that no one would have hesitated a moment to pronounce it a mortgage. Indeed, it seems lo me, from the whole current of authorities on this subject, it could not have been considered otherwise, either in law or equity. Tlie conveyance and liond, then, being deemed hut constituent parts of one and the same instrument, must be regarded precisely in the same point of view and of tlie same, (-fleet as if they liad been joined together iu the same writing and Had formed but one deed.'” (9 Watts, 196, 177.)
These references will suffice to show the grounds of my dissent from the judgment of tlie court. My opinion as to what constitutes a mortgage and as to tlie law applicable to tins subject has been so fully expressed on former occasions iu this court, and especially iu the case of Stevens v. Sherrod, decided at our last session at Tyler, (6 Tex. R., 294,) that I deem a further discussion of the subject in this place unnecessary.
From the parol testimony in the case I cannot entertain a doubt that tlie real contract iu this case, though a sale in form, was in fact a loan of money, with the understanding that the services of the negro should be received iu satisfaction of interest on the money loaned — a character of mortgage very common in this country — and (hat two instruments instead of one were resorted to as a contrivance to disguise tlie real character of the traus- *199 action. And I take it to ke an elementary aiid unquestionable principle that in the language of the Supreme Court of Pennsylvania, “A sale in form but which in fact and substance may be avoided by the payment of money within a given time is and will be held to be a mortgage,” and that “no manage* ment or contrivance of the lender, no form of expression in the instruments— not even dating the defeasance several days after the deed, not even the lender uniformly stating that he will not have a mortgage — will avail” to change the character of the instrument, (6 Watts’ R., 407;) that, as said by Chief Justice •43-ibson, in a case before cited, (6 Watts’ R., 131,) “It is too late to say that what was intended as a loan may become a conditional sale by the accidental form of the transaction,” and indeed, that “these are elementary matters not open to discussion.”
Note 79. — Fowler v. Sfconum, 11 T., 478.